*17 Opinion of the Court,
by Judge Mills.
THE ancestor of the present defendants in error, brought of John Craig, by the agency of Lewis Craig his attorney in fact, sundry lots in the town of Greens-burg, and received a conveyance executed by said Lewis, as attorney in fact for said John, and gave his note *18 for the purchase money to Lewis Craig in his own name, who assigned it away, and after some other mesne assignments, it was assigned to Andrew Biggs, one of the plaintiffs in error, who brought suit thereon and recoverec^ judgment. To be relieved against this judgment, Sweets filed this bill with injunction, alleging that although the land was once the property of John Craig, there had been sundry conveyances by and through said ^°^n’ anc^ ^at *^ames Hughes and Robert Johnson now claimed the land, and had a suit pending for the same in the same court, in which he believed they would recover; to the record of which suit, he refers as part of h*s bill. Biggs, the assignee, admitted the assignment, admits he understood that Sweets had purchased the' lots, and denies any knowledge of the title. Lewis Craig .answered, and shews a patent to John Craig and power of attorney to himself; states nothing about the claim of Hughes and Johnson’s heirs, and offers to rescjn¿ the contract, though he contends the title was Hear. John Craig was not made a party. The court below rendered an interlocutory decree, rescinding the contract, and directing an account of rents, profits and improvements to be taken. Before the the final decree, Sweets died, and his heirs and administrators filed a bill of revivor, on which no process was awarded, and no notice given to the defendants, and the court proceeded to revive the suit, and decreed the land to be conveyed to Lewis Craig, and that he should pay for a balance of improvements reported against him, and that the injunction, as to Biggs, should be made perpetual. To reverse this decree, Biggs and Craig have prosecuted this writ of error.
The vendor of made aUparte to a bill in chancery enjoining the ney for^efect of title, withstanding madea by "an agent, the gent took the bond for the ney°payable to himself, & is made a Party'
It was clearly erroneous to revive the cause and proceed to a decree, until process on the bill of revivor was served ojn the defendant below; and for this cause the . decree is, reversible. But there is another defect in the proceedings of the complainant. It could not be right to decree the estate to Lewis Craig, the agent, and not John, to whom it was said to belong. He being the principal, was an indispensable party, however the note for the payment was given, and the estate, if restored, must be restored to him. For the want of John Craig as a party, if living, or his legal representatives, if dead, the party complaining was entitled to no decree.
*19 The decree must, therefore, be reversed with costs, and the cause be remanded, with directions there to dismiss the bill with costs, and without prejudice to any other suit for the same cause, unless the complainants shall amend their bill, and bring the proper parties before the court in a reasonable time.